UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| VALERIE MCKINNEY | ) | |
| | ) | |
| V. | ) | NO. 2:14-CV-168 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |

REPORT AND RECOMMENDATION

Plaintiff's counsel has filed a Motion [Doc. 27] for approval of an attorney fee under 42 U.S.C. § 406(b) in the amount of $8,905.25. The defendant Commissioner administratively denied the plaintiff's application for Disability Insurance Benefits under the Social Security Act. On April 30, 2015, the District Judge entered judgment for the plaintiff on her motion for judgment on the pleadings, and remanded the case to the defendant for an award of benefits [Doc. 20]. The fee sought of $8,905.25 represents the amount withheld by the Social Security Administration for attorney fees, and is 25% of the total amount of past due benefits payable to the plaintiff [Doc. 28, pgs. 5-11]. The plaintiff entered into a contingent fee agreement [Doc. 28, pgs. 12-13] on July 21, 2014 which provided that plaintiff's counsel would receive 25% of total past due benefits ultimately awarded as the fee for counsel's representation in this case.

The government does not oppose the Motion, but points out that this Court is required to make a determination whether this fee is reasonable under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

42 U.S.C. § 406(b)(1)(A), states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an

attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,…" In *Gisbrecht*, the Supreme Court held that contingent fee agreements, such as the one executed by the plaintiff and her attorney in this case, were appropriate under the statute, but noted that the statute also "instructs courts to review for reasonableness fees yielded by those agreements." *Id*, at 809.

In *Gisbrecht*, the Supreme Court extensively quoted favorably from *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989). In fact, the Supreme Court essentially adopted the approach of *Rodriquez* while rejecting the holding of the Ninth Circuit from which the *Gisbrecht* case was appealed. In *Rodriquez*, the Sixth Circuit approved the use of contingent fee agreements, but noted that "a court is not bound to award recovery according to the stated agreement." *Id*, at 746. However, the Court stated that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Id*. This rebuttable presumption was recently affirmed in *Lasley v. Commissioner of Social Sec.*, 771 F.3d 308 (6th Cir. 2014).

In *Rodriquez*, the Sixth Circuit next proceeded to elaborate on how the presumption could be rebutted. "Deductions (from the fee sought) generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. In essence, because the amount of past due benefits on which the 25% fee request is based will only increase if a lawyer drags his or her feet in pursuing the claim, or if the process is slowed by the lawyer's

2

ineptitude, a court approving a fee should carefully look for signs of such behavior. As for the second category, the Sixth Circuit refused to "attempt to draw a line beyond which a fee becomes unconscionable." *Id*, at 747. It did state that "[w]here a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client." *Id*.

In *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418 (6th Cir. 1990), the Sixth Circuit refined the analysis required by *Rodriquez*. It held that "under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, at 422. The Sixth Circuit explained that "a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts." *Id*, at 422. The Court went on to state that "[i]f the calculated hourly rate is above this floor, *then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee.*" *Id*. [Emphasis added]. Thus, unless this "floor" is exceeded, the fee is presumptively reasonable if it is within the 25% cap imposed by the statute, and no further exploration of whether there is a windfall to counsel is needed.

3

In his affidavit [Doc. 28 pgs. 1-3], counsel states that the EAJA fee previously awarded by this Court has been fully refunded to the plaintiff. He states that his general hourly rate was $150 per hour. He presented an itemized breakdown of the hours expended in the proceeding before this Court, with the total being 19.20 hours.

In the present case, with respect to the first prong of the *Rodriquez* analysis, the Court finds that plaintiff's counsel acted with alacrity, diligence and skill in prosecuting the appeal of the administrative denial of benefits. This judicial appeal was filed on June 10, 2014, only one month after the Appeals Council affirmed the negative decision by the Administrative Law Judge. [Doc. 11, pg. 1]. Counsel did not come even close to missing any deadlines. He filed plaintiff's dispositive motion in accordance with the order of the Court well within the time required, and barely three months after the suit was filed. He did all within his power to get the issue joined and resolved in a timely manner. Accordingly, he exhibited no "improper conduct or ineffectiveness" as contemplated by *Rodriquez*. In fact, his professionalism in this case is the very antithesis of an ineffective attorney.

Under *Rodriquez*, the next inquiry is whether counsel's requested fee is a windfall because the amount recovered was "inordinately large" or was obtained with "minimal effort expended." *Rodriquez, supra*, at 746. Plaintiff filed her application with the Commissioner on December 17, 2010, and this was the date from which the Commissioner calculated past due benefits under the Judgment of this Court. Her claim was denied by the Administrative Law Judge on March 25, 2013, and ultimately denied by the Appeals Council on May 9, 2014. Therefore, it would be unfair to hold that her recovery was "inordinately large" when the size of the accumulated benefits was due entirely to the length of time required for the

Commissioner to complete the administrative process and deny her application.

Was only "minimal effort" expended by counsel? It is no small feat to present a case which convinces this Court that the Commissioner's decision was not supported by substantial evidence, and an even rarer circumstance where the facts and arguments of counsel compel this Court to remand for an award of benefits. Counsel, because of his experience and skill, brought about that result with concise, logical arguments. Were he less skilled and experienced, the hours expended in obtaining that result could have greatly exceeded the 19.20 hours he devoted to this case.

However, the Court must also factor the decision in *Hayes, supra*, into the equation. Counsel has requested a fee for the full 25% of past due benefits in the amount of $8,905.25. With the total hours expended before this Court of 19.20 hours, this would represent an hourly rate of $463.82. Counsel's hourly rate is $150 per hour. Double this would of course be $300 per hour. Thus, if counsel's customary hourly rate is considered the "standard rate for such work in the relevant market" which is the "floor" described in *Hayes, supra*, at 422, then the hourly recovery would be $163.82 above that "floor." The Court notes however, that the maximum hourly rate currently in effect in this district for Social Security fee purposes is $200 per hour. If twice that rate were used, then the hourly recovery sought in this case would only exceed twice the standard hourly rate by $63.82. If the fee requested exceeds the "floor," *Hayes* instructs the court to consider factors such as "a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Id*, at 422.

The affidavit of counsel states that all of the 19.20 hours listed consisted of work

5

performed by him personally and not by a clerk or paralegal. Also, as previously stated, the result cannot be lightly dismissed in the determination of what constitutes a reasonable fee. The experience of this Court in this division, unlike that described in *Hayes*, of 50%, is that only a very tiny fraction of cases result in a judgment requiring an award of benefits.

Finally, the Court notes that the Commissioner has no objection to the fee sought. As stated by the Supreme Court in *Gisbrecht, supra*, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." *Id*, at 798, fn. 6. In support of this conclusion, *Gisbrecht* cited *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 248 (6th Cir. 1983) which held "that the Secretary 'retains an interest in the fair distribution of monies withheld for attorney's fees.…'" (Citations omitted). The Commissioner takes this responsibility seriously, and raised no objection to the amount of the fee requested in this case, but merely asked that the Court perform the review required under *Gisbrecht*.

The Court finds that the fee requested is not unreasonable under *Gisbrecht* and the other cases discussed above. Accordingly, it is respectfully recommended that the Motion [Doc. 27] be GRANTED, and that the requested fee of $8,905.25, representing 25 % of the plaintiff's past due benefits, be approved and awarded.[1]

                              Respectfully Submitted:

                               s/ Clifton L. Corker
                              United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(B) and (C).